UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

Mustapha Mansour,

               Petitioner,          CV-04-5106 (CPS)

     - against -               MEMORANDUM
                                    OPINION AND ORDER
Michael Zenk, Warden et al.,

              Respondents.

-----------------------------------------X

SIFTON, Senior Judge.

    Mustapha Mansour filed this petition for habeas corpus
pursuant to 28 U.S.C. § 2241 against the respondents Michael
Zenk, the Federal Bureau of Prisons, Jeff Johnson, Carlos Duff,
"Ms. Waller," and "Does 1 to 10" seeking to compel the
respondents to recalculate his "Good Conduct Time."  For the
reasons that follow, the petition is denied.

Background

    On July 12, 2004, Mansour was sentenced in this Court to a
term of imprisonment of twenty-four months, after he pled guilty
to bulk cash smuggling in violation of 31 U.S.C. § 5332, failing
to file a currency report in violation of 31 U.S.C. § 5316, and
making a false statement in violation of 18 U.S.C. § 1001.  He is
presently incarcerated at the Metropolitan Detention Center in
Brooklyn.  According to the Bureau of Prisons ("BOP"), Mansour is
entitled to 94 days of good time credit and is scheduled to be
released on August 16, 2005.  Mansour contends that the BOP has

miscalculated his good conduct time under 18 U.S.C. § 3624(b), that he is entitled to 108 days of credit, and that his proper release date is August 2, 2005.

## Discussion

### Exhaustion

The respondents contend that relief cannot be granted because Mansour has failed to exhaust his administrative remedies.  Mansour concedes that he has not exhausted all available administrative remedies within the BOP, but contends that doing so would be futile.

Although a prisoner is ordinarily required to exhaust administrative remedies before challenging a BOP decision, an exception to the exhaustion requirement exists where administrative appeal would be futile.  *Beharry v. Ashcroft*, 329 F.3d 51, 58 (2d Cir. 2003); *Vargas-Crispin v. Zenk*, -- F. Supp. 2d --, 2005 WL 1634622 (E.D.N.Y. 2005).  Exhaustion in this instance is not required because the BOP's calculation of Mansour's good conduct time is pursuant to the agency's published regulations.  Because the BOP would be unlikely to grant Mansour relief in contravention of its own regulations, courts routinely hold that exhaustion in this context is not required.  *Vargas-Crispin*, 2005 WL 1634622 (collecting cases).

### Good Conduct Time Calculation

Mansour contends that the Bureau of Prisons has miscalculated his "good conduct time" under 18 U.S.C. § 3624(b).

That statute provides:

> a prisoner who is serving a term of imprisonment of more
> than 1 year, other than a term of imprisonment for the
> duration of the prisoner's life, may receive credit toward
> the service of the prisoner's sentence, beyond the time
> served, of up to 54 days at the end of each year of the
> prisoner's term of imprisonment, beginning at the end of the
> first year of the term, subject to determination by the
> Bureau of Prisons that, during that year, the prisoner has
> displayed exemplary compliance with institutional
> disciplinary regulations. . . . [C]redit for the last year
> or portion of a year of the term of imprisonment shall be
> prorated and credited within the last six weeks of the
> sentence.

The BOP interprets this statute to mean an inmate receives 54
days of credit for each year of his sentence that he actually
*serves*.  28 C.F.R. § 523.20.  Mansour contends that he is
entitled to 54 days of credit for each year of imprisonment to
which this Court *sentenced* him.

The BOP's interpretation was adopted after notice to the
public and the submission of comments.  Accordingly, the Court
must consider whether deference to the administrative
interpretation of the statute is required under *Chevron, U.S.A.,
Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984).  *Chevron* requires a
court confronted with an agency interpretation of a statute that
it administers to first determine whether Congress's intent is
clear from the language of the statute.  *Id.* at 842-43.  If the
statute is silent or ambiguous, the court must defer to the
agency's interpretation, so long as it is reasonable.  *Id.* at
843.

Although the Second Circuit has not ruled on the issue,
every court that has, has found the meaning of "term of

imprisonment" to be ambiguous and that the BOP interpretation is reasonable. *Vargas-Crispin*, 2005 WL 1634622 (collecting cases). This is so because the statute uses the phrase "term of imprisonment" in different subsections in manners consistent with both Mansour and the BOP's interpretations. *Compare* § 3624(a) (stating that a prisoner is to be released "on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence") *with* § 3624(d) (stating that "[u]pon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with" clothing, money, and transportation).

Courts have also uniformly held that the BOP's interpretation is reasonable. *E.g. Yi v. Fed. Bureau of Prisons,* 412 F.3d 526 (4th Cir. 2005); *James v. Outlaw*, 126 Fed.Appx. 758 (8th Cir. 2005); *Sample v. Morrison*, 406 F.3d 310, 313 (5th Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005); *Perez-Olivo v. Chavez*, 394 F.3d 45, 53 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997, 1003 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2001). These courts reason that the BOP's regulation is consistent with the statute's legislative history and is an appropriate attempt to "'strike a balance between simplicity and fairness' by calculating credits in a consistent manner and prorating credits to ensure that those who served more time were eligible for more credit." *Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005) (quoting *Pacheco-Camacho*,

272 F.3d at 1270).  In particular, § 3624(b)(1) instructs the BOP
to award good time credit "at the end of each year," which is
more easily read to refer to the end of each year actually
served.  *See Yi*, 412 F.3d at 534.  Accordingly, deference to the
BOP's reasonable interpretation is required.


Rule of Lenity

Mansour contends that the rule of lenity requires adoption
of his interpretation.  The rule of lenity requires that where a
criminal statute is ambiguous, doubt as to its meaning is to
resolved in favor of the defendant.  *Vargas-Crispin*, 2005 WL
1634622.  Application of the rule of lenity is inappropriate here
because the BOP's interpretation has clarified any ambiguity.
*Mujahid*, 413 F.3d 991; *Yi*, 412 F.3d at 535; *Pacheco-Camacho*, 272
F.3d at 1271-72; *see also Perez-Olivo*, 394 F.3d at 53 (expressing
doubts as to whether § 3624 is a criminal statute).  Nor does the
rule of lenity foreclose application of *Chevron* deference.  *Brown
v. McFadden*, -- F.3d --, 2005 WL 1618739 (11th Cir. 2005);
*O'Donald*, 402 F.3d at 174; *Perez-Olivo*, 394 F.3d at 53 (citing
*Babbitt v. Sweet Home Chapter of Communities,* 515 U.S. 687, 704
n.18 (1995) ("We have never suggested that the rule of lenity
should provide the standard for reviewing facial challenges to
administrative regulations whenever the governing statute
authorizes criminal enforcement.")).

Equal Protection

Mansour somewhat confusingly contends that the BOP's method of calculating good conduct time violates equal protection because the BOP did not deduct good time credit from the first 365 days he served. Mansour contends, however, that the BOP interprets the statute to permit good time credit for the first 365 days of imprisonment for those inmates sentenced to a term of 366 days to thirteen months. Mansour contends that the BOP thereby awards credit to some inmates for the first year of incarceration but not others, and that this differential treatment lakes a rational basis.

Both the BOP's and Mansour's calculations do, however, award Mansour credit for his first year of incarceration. The BOP calculations award Mansour with 94 days of credit –- fifty-four days for the first year of incarceration and forty days for the remaining term of incarceration. It is therefore clear from Mansour's submissions that there is no basis for his contention that he was not awarded credit for the first year of incarceration. *See also Pollard v. Zenk*, 04-CV-5103, 2005 WL 1263478 (E.D.N.Y. May 27, 2005) (rejecting a similar argument); *Napolitano v. Zenk*, 04-CV-5109, 2005 WL 1263784 (E.D.N.Y. May 27, 2005) (same); *Garcia v. Zenk*, 04-CV-5286, 2005 WL 950640 (E.D.N.Y. Apr. 26, 2005) (same). Absent any differential treatment, the BOP's interpretation does not deny Mansour equal protection of the laws.

## Conclusion

For the foregoing reasons, Mansour's 28 U.S.C. § 2241 petition is denied.

The Clerk is directed to furnish a filed copy of the within to all parties and to enter judgment dismissing the petition.

SO ORDERED.

Dated : Brooklyn, New York

August 15, 2005

/s/Charles P. Sifton (electronically signed)
United States District Judge